Varga and her husband instituted an action against the Parkers, alleging negligence in permitting a slippery condition to exist. The Parkers commenced a third-party action against Louis Arces seeking contribution. Arces then brought the instant motion for summary judgment upon the limited ground that his conduct in setting up and taking down the slip-n-slide game with Brian Parker's assistance did not, as a matter of law, give rise to any duty to protect Varga, a fellow social guest, from harm.

Special Term erred by granting summary judgment dismissing the third-party action. A party who engages in affirmative acts which create a danger owes a duty to exercise reasonable care in protecting those exposed to the danger (Zerner v Cohen, 275 App Div 702; Clemens v Benzinger, 211 App Div 586). (Appeal from order of Supreme Court, Erie County, Joslin, J.—summary judgment.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.

■ DOUGLAS TRAVIS, JR., Respondent, v DUNCAN C. WORMER et al., Defendants, and DU PONT PHARMACEUTICALS, a Subsidiary of E. I. DU PONT DE NEMOURS AND COMPANY, INC., Appellant. (Appeal No. 1.)—Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiff commenced this action for injuries arising out of treatment in the hospital by defendant doctors, who prescribed anticoagulant drugs, including Coumadin, manufactured by defendant Du Pont Pharmaceuticals (Du Pont). Plaintiff asserted a cause of action for medical malpractice against the doctors and the hospital and a cause of action for strict products liability and breach of warranty against Du Pont. Since the causes of action asserted against Du Pont are not for medical malpractice, CPLR 3101 (d) (1) (i) is inapplicable. Special Term erred, therefore, in denying Du Pont's motion to compel plaintiff to divulge the identity of his medical expert. The identity of plaintiff's medical expert shall be disclosed only to defendant Du Pont (see, CPLR 2103 [e]). (Appeal from order of Supreme Court, Cattaraugus County, Ricotta, J.—discovery.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.

■ DOUGLAS TRAVIS, JR., Respondent, v DUNCAN C. WORMER et al., Defendants, and DU PONT PHARMACEUTICALS, a Subsidiary of E. I. DU PONT DE NEMOURS AND COMPANY, INC., Appellant. (Appeal No. 2.)—Appeal unanimously dismissed without costs as academic. (Appeal from order of Supreme

Court, Cattaraugus County, Ricotta, J.—renewal.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.

■ In the Matter of the CITY OF BUFFALO Relative to Foreclosure of Tax Liens. In the Matter of PAUL D. HANGAUER, Appellant, v CITY OF BUFFALO et al., Respondents.—Order unanimously affirmed without costs for reasons stated at Erie County Court, La Mendola, J. *(see also, Matter of Girrbach v Levine,* 132 AD2d 41). (Appeal from order of Erie County Court, La Mendola, J.—vacate foreclosure sale.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.

■ DOROTHY HIBBS, Individually and as Parent and Natural Guardian of D. J. HIBBS, an Infant, Respondent, v THOMAS BLAJSZCAK, SR., et al., Respondents, and TODD McDONALD, an Infant, Appellant.—Order unanimously affirmed with costs *(see, Herman v Wesgate,* 94 AD2d 938). (Appeal from order of Supreme Court, Erie County, Rath, J.—summary judgment.) Present—Doerr, J. P., Green, Pine, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHNNY McFADDEN, Respondent.—Order unanimously affirmed. Memorandum: While patroling at 10:30 P.M. in an area known for drug trafficking, two officers in an unmarked car observed a group of males congregated about a van parked at a curb. Persons were observed going in and out of the van, and one of the officers saw defendant extend his hand toward another person. As the unmarked car pulled into a driveway across the street to turn around, the group dispersed in all directions. One of the officers got out of the vehicle and asked defendant, who was walking toward the officer, to come over. Defendant responded, "Who me?", and then ran. He was pursued by both officers and as he ran, he removed his coat and carried it for a considerable distance. While going over a fence, defendant dropped the coat. The officers retrieved the coat and upon searching pockets, found a bag with several glassine packets containing cocaine inside.

The suppression court found that the officers lacked any reasonable suspicion that criminal activity was afoot when defendant was asked to come over to the police vehicle, and that the subsequent pursuit was not justified and was unlawful. The court's factual findings are supported by the record and since the determination was not clearly erroneous, we decline to disturb it. *(People v Prochilo,* 41 NY2d 759; *People v Goodrich,* 126 AD2d 835, *lv denied* 69 NY2d 880; *People v Sheirod,* 124 AD2d 14, 19, *lv denied* 70 NY2d 656.)